IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50756
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MANUEL SOTO-RIVAS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-96-1
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Manuel Soto-Rivas appeals his guilty-plea conviction for illegally reentering the United States following a prior deportation, in violation of 8 U.S.C. § 1326(a) and (b). He argues that: (1) he was not required to show actual prejudice in order to collaterally attack his previous administrative deportation; and (2) his indictment was defective for failing to allege his prior felony conviction as an element of the instant offense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Soto-Rivas concedes that his first argument is precluded by our holding in United States v. Benitez-Villafuerte, 186 F.3d 651 (5th Cir. 1999), cert. denied, 528 U.S. 1097 (2000), but raises it for possible Supreme Court review. He concedes that his second argument is precluded by the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but argues that the holding in Almendarez-Torres has been cast into serious doubt by the Supreme Court's recent decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362 & n.15 (2000). Because the Apprendi court did not overrule Almendarez-Torres, Soto-Rivas's second argument is foreclosed. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Jan. 26, 2001)(No. 00-8299).

Accordingly, the district court's judgment is AFFIRMED.